UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| RDFS, LLC<br><br>    Petitioner,<br><br>v.<br><br>U.S. FEDERAL ENERGY REGULATORY COMMISSION,<br><br>    Respondent. | Case No. _____ |

**PETITION FOR REVIEW**

Pursuant to Section 19(b) of the Natural Gas Act, <u>15 U.S.C. §717r</u>, <u>Federal Rule of Appellate Procedure 15</u>, and Circuit Rule 15, Petitioner RDFS, LLC ("Petitioner"), hereby petitions the United States Court of Appeals for the Fourth Circuit for review of the United States Federal Energy Regulatory Commission's ("FERC" or "Respondent") Notice of Denial of Rehearing By Operation of Law, entered April 11, 2024, rejecting Petitioner's Request for Rehearing of FERC's February 7, 2024 Notice Rejecting Request for Rehearing and Denying Late Intervention. *See* Notice of Denial of Rehearing by Operation of Law, *Columbia Gas Transmission Corporation*, 187 FERC ¶62,027 (Feb. 7, 2024) (attached as **Exhibit A**); Notice Rejecting Request for Rehearing and Denying Late Intervention,

1

*Columbia Gas Transmission Corporation*, 186 FERC ¶ 62,052 (Apr. 11, 2024) (attached as **Exhibit B**).

As set forth in its Petition for Rehearing below, Petitioner contends, *inter alia*, that issuance of the Blanket Certificate at Docket No. CP83-76-000, and at 22 FERC ¶ 62,029 (1983) with no opportunity for affected landowners to be heard is an unconstitutional violation of Petitioner's due process rights. Petitioner contends that Respondent erred by granting the Blanket Certificate which was unlimited by time or space. Petitioner contends that Respondent erred by granting a Blanket Certificate which does not require the certificate holder to negotiate in good faith before the exercise of condemnation authority. Petitioner contends that Respondent erred by granting a certificate unlimited by time or space which does not require the certificate holder to comply with the notice requirements set forth in 18 C.F.R. §157.208(b) for all projects. Petitioner contends that 18 CFR §§157.203 and 157.208 run contrary to the express language of Section 717f of the Natural Gas Act and create a regulatory framework that encourages circumvention of the requirement that all condemnations under §717f(h) are necessary to the execution of the function for which FERC granted the Blanket Certificate. Petitioner contends that Respondent erred by permitting the transfer of a blanket certificate in violation of 18 C.F.R. §157.206(a)(2).

2

Because Petitioner has filed within 60 days of FERC's April 11, 2024 Notice, the request for review is timely and this Court has jurisdiction pursuant to 15 U.S.C. §§ 717r(b).

Accordingly, and pursuant to the aforementioned authorities, Petitioner seeks the Court's review.

Dated: June 10, 2024

                          Respectfully submitted,

                          */s/ Matthew R. Miller*
Joy D. Llaguno, Esq. (WV ID No. 14170)
Matthew R. Miller, Esq. (WV ID No. 14149)
**HOOK & HOOK PLLC**
430 East Oakview Drive, Suite 101
Waynesburg, PA 15370
Phone: 724-802-7144
Email: mmiller@hooklaw.com
*Counsel for Petitioner RDFS, LLC*

3

# **LIST OF RESPONDENTS**

In accordance with Local Rule 15(b), Petitioner provides the below list of Respondents specifically identifying the Respondents' names and the addresses where Respondents and/or their counsel may be served with copies of this Petition for Review:

*Respondent*
Federal Energy Regulatory Commission
c/o Debbie-Anne A. Reese
Acting Secretary
888 First Street, N.E.
Washington, DC 20426

*Counsel for Respondent*
Matthew Christiansen
General Counsel
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, DC 20426

4

## **CERTIFICATE OF SERVICE**

In accordance with the <u>Federal Rules of Appellate Procedure 15(c)(1)</u> & <u>(2)</u>, the undersigned certifies that, on June 10, 2024, a copy of this Petition for Review was served by US Mail to the parties on FERC's official service list of parties to be served in docket CP83-76-000 and CP83-76-008. The only party included on the service list is:

    PETER G TERRANOVA
    V. PRESIDENT
    UGI Utilities Inc.
    PO Box 12677
    Reading, PA 19612-2677

The undersigned further hereby certifies that a copy of the foregoing Petition for Review was served on June 10, 2024, by certified mail, return receipt requested, on the following:

    Federal Energy Regulatory Commission
    c/o Debbie-Anne A. Reese
    Acting Secretary
    888 First Street, N.E.
    Washington, DC 20426

    Matthew Christiansen
    General Counsel
    Federal Energy Regulatory Commission
    888 First Street, N.E.
    Washington, DC 20426

                                        /s/ *Matthew R. Miller*
                                          Matthew R. Miller

# **EXHIBIT A**

186 FERC ¶ 62,052
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Columbia Gas Transmission Corporation                     Docket No. CP83-76-008

NOTICE REJECTING REQUEST FOR REHEARING AND DENYING LATE INTERVENTION

(February 7, 2024)

      On January 7, 1983, in Docket No. CP83-76-000, the Commission issued a blanket certificate of public convenience and necessity under Part 157 of the Commission's regulations to Columbia Gas Transmission Corporation (Columbia).[1] On January 24, 2024, RDFS, LLC filed a request for rehearing of the Blanket Certificate Order and a late motion to intervene in Docket No. CP83-76-000.

      Pursuant to section 19(a) of the Natural Gas Act,[2] an aggrieved party must file a request for rehearing within 30 days after the issuance of a Commission decision, in this case no later than February 7, 1983.[3] Because the 30-day rehearing deadline is statutorily based, it cannot be waived or extended,[4] and the request for rehearing filed by RDFS, LLC must be rejected as untimely.

      Additionally, the purpose of intervening in a Commission proceeding is to obtain party status, which entitles the intervenor to file a request for rehearing of any final order

---

[1] *Columbia Gas Transmission Corp.*, 22 FERC ¶ 62,029 (1983) (delegated order) (Blanket Certificate Order).

[2] 15 U.S.C. § 717r(a).

[3] The Commission's Rules of Practice and Procedure provide that, if a filing deadline falls on a Saturday, Sunday, holiday, or other day when the Commission is not open for business, the filing deadline does not end until the close of business on the next business day. 18 C.F.R. § 385.2007(a)(2). Because the end of the 30-day time period fell on a Sunday (February 6, 1983), the deadline was the close of business on Monday, February 7, 1983.

[4] *Jordan Cove Energy Project L.P.*, 171 FERC ¶ 61,136, at P 13 (2020) ("Because the 30-day rehearing deadline is a statutory requirement, it cannot be waived or extended"); *Calpine Corp.*, 171 FERC ¶ 61,035, at P 6 (2020) (same).

Docket No. CP83-76-001 - 2 -

issued in the proceeding and to seek judicial review of such orders.[5]  As the time period to file a request for rehearing in Docket No. CP83-76-000 has passed, granting movant intervenor status would gain it nothing.  Accordingly, the motion to intervene is denied.

    This notice constitutes final agency action.  Requests for rehearing by the Commission of this notice must be filed within 30 days of its issuance, pursuant to section 19(a) of the Natural Gas Act, 15 U.S.C. § 717r, and section 385.713 of the Commission's regulations, 18 C.F.R. § 385.713 (2023).

                              Debbie-Anne A. Reese,
                                 Acting Secretary.

---

[5] *See City of Orrville, Ohio v. FERC*, 147 F.3d 979, 984 n.3 (D.C. Cir. 1998).

# **EXHIBIT B**

187 FERC ¶ 62,027
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Columbia Gas Transmission Corporation         Docket No. CP83-76-009

NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW

(April 11, 2024)

Rehearing has been timely requested of the Commission's Notice issued on February 7, 2024, in this proceeding by the Acting Secretary of the Commission's Office of the Secretary. *Columbia Gas Transmission Corp.*, 186 FERC ¶ 62,052 (2024).

In the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been denied. 15 U.S.C. § 717r(a); 18 C.F.R. § 385.713(f) (2023); *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

Debbie-Anne A. Reese,
Acting Secretary.

Document Content(s)
CP83-76-009.docx.................................................................1